IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TIMOTHY SCHROEDER, | Case No. 3:24-cv-02067-JR |
| Plaintiff, | **OPINION AND ORDER ADOPTING F&R WITH CLARIFICATION** |
| v. | |
| AMAZON.COM SERVICES LLC, | |
| Defendant. | |

Whitney Stark, J. Ashlee Albies and Maya Rinta, Albies & Stark, 1500 SW First Avenue, Suite 1000, Portland, OR 97201. Attorneys for Plaintiff.

John A. Berg, G. Ben Handy and Gilbert A. Cotto-Lazo, Littler Mendelson, P.C., 1300 SW Fifth Avenue, Suite 2050, Portland, OR 97201. Attorneys for Defendant.

**IMMERGUT, District Judge.**

Defendant Amazon.com Services LLC removed this Oregon employment law action in December 2024 based on diversity of citizenship. ECF 1. Plaintiff Timothy Schroeder filed a Motion to Remand. ECF 7. Magistrate Judge Russo initially recommended this Court grant Plaintiff's motion based on the sequencing of Defendant's removal filings under 28 U.S.C. § 1446(d). ECF 20. This Court declined to adopt Judge Russo's order and remanded the case to Judge Russo for consideration of the other arguments raised in the Motion to Remand. ECF 25.

Magistrate Judge Russo then issued a second Findings and Recommendation ("F&R"), recommending that this Court grant the motion to remand based on the voluntary-involuntary doctrine. ECF 26 at 9–11. Defendant filed Objections, ECF 28, and Plaintiff filed a Response, ECF 29. This Court has reviewed de novo the portions of the F&R to which the parties objected. For the reasons below, this adopts Judge Russo's F&R with clarification.

## LEGAL STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R that are not objected to. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

Defendant raises two objections to the F&R: first, that Plaintiff waived his argument on the voluntary-involuntary rule, and second, that Plaintiff's voluntary conduct made this case removable. Addressing each in turn, this Court clarifies that the voluntary-involuntary rule argument was not waived and the dismissal did not result from a voluntary action of the Plaintiff. This Court adopts all other portions of the F&R in full.

**A.  Statutory Waiver**

Defendant first objects that Plaintiff waived any argument premised on the voluntary-involuntary rule because he did not raise the rule within the 30-day deadline imposed by 28 U.S.C. § 1447(c). Objections, ECF 28 at 11–14. This Court finds that Plaintiff did not waive his voluntary-involuntary argument because Defendant failed to timely raise the statutory deadline argument. Further, although Plaintiff did not expressly invoke the voluntary-involuntary rule in his motion to remand, he supplied facts from which it was fairly apparent that he was relying on this rule. *See* Motion to Remand, ECF 7 at 6–8.

A district court may remand a case under § 1447(c) on two grounds: "(1) lack of subject matter jurisdiction, or (2) 'nonjurisdictional defects' that are challenged within 30 days of removal." *Casola v. Dexcom, Inc.*, 98 F.4th 947, 953 (9th Cir. 2024) (quoting *Academy of Country Music v. Continental Cas. Co.*, 991 F.3d 1059, 1067 (9th Cir. 2021)). The purpose of the 30-day limit is "to resolve the choice of forum at the early stages of litigation, and to prevent the shuffling of cases between state and federal courts after the first thirty days." *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995) (cleaned up).

This Court agrees with Defendant that the voluntary-involuntary rule is a "forfeitable rule of removal procedure" that does not affect this Court's subject-matter jurisdiction and therefore may be waived if not invoked by a plaintiff within thirty days of removal. *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 297 n.4 (5th Cir. 2019) (explaining that the rules of subject-matter jurisdiction cannot be forfeited, but rules of removal procedure can); *see Cornell v. Deed of Tr.*, No. CIV. 2:12-330, 2013 WL 5719524, at *2 n.4 (E.D. Cal. Oct. 18, 2013) (holding that a violation of the voluntary-involuntary rule does not implicate the court's subject-matter jurisdiction); *Lewis v. C.J. Landenfelder & Son, Jr., Inc.*, No. 01-cv-804, 2003 WL 23957117, at

*3 (E.D. Va. Dec. 19, 2003) (same). Because any violation of the voluntary-involuntary rule does not affect this Court's subject-matter jurisdiction,[1] it must be raised within thirty days of the notice of removal. *See* 28 U.S.C. § 1447(c); *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939–40 (9th Cir. 2006) (explaining that the thirty-day limit applies to all removal defects so long as they do not affect subject-matter jurisdiction).

This Court likewise agrees with Defendant that Plaintiff did not explicitly raise the voluntary-involuntary rule within the 30-day period. *See* F&R, ECF 26 at 9 n.3 (acknowledging that Plaintiff did not raise this argument in his original motion). Plaintiff first raised this argument in his Reply, ECF 14 at 9, which was filed on February 10, 2025, fifty-nine days after the notice of removal, ECF 1. Plaintiff asserts, however, that he preserved this argument through the "gist of his Motion." Response, ECF 29 at 10. While Plaintiff did not identify the voluntary-involuntary rule in his remand motion, *see Pittsburg-Des Moines Steel Co.*, 69 F.3d at 1038 (explaining that the moving part must "assert[] a procedural defect as a basis for remand" within 30 days), he did argue that the dismissal of the non-diverse defendant was an "error" that Plaintiff was actively working to correct, Motion to Remand, ECF 7 at 10–11. Defendant also moved for and received an opportunity to file a sur-reply addressing this argument. ECF 18. This Court therefore finds that Defendant received fair notice and an opportunity to respond to the voluntary-involuntary rule argument. The remaining question is only whether application of the 30-day bar is required here, not whether a failure to apply that bar would prejudice Defendant.

---

[1] Plaintiff argues that the voluntary-involuntary rule goes to this Court's subject-matter jurisdiction. Response, ECF 29 at 11–13. This Court has subject-matter jurisdiction because diversity jurisdiction existed at the time of removal. *See* ECF 25 at 7. Removal may have been *improper* under the voluntary-involuntary rule, but judge-made rules, such as the voluntary-involuntary rule, "do not create or withdraw federal jurisdiction." *Kontrick v. Ryan*, 540 U.S. 443, 453 (2004); *see Hoyt*, 927 F.3d at 297 n.4.

This Court finds that the purpose of statutory waiver—resolving the choice of forum early in litigation—would not be served by applying the 30-day bar in this case, where Defendant failed to timely raise the issue in response to Plaintiff's untimely argument and Plaintiff articulated the procedural facts that form the basis for the voluntary-involuntary argument in his initial motion. The purpose of the waiver rule is to "resolve the choice of forum at the early stages." *Pittsburg-Des Moines Steel Co.*, 69 F.3d at 1038. The rule exists "primarily for the protection of the parties" and "can be waived." *Corona-Contreras v. Gruel*, 857 F.3d 1025, 1028–29 (9th Cir. 2017); *see, e.g.*, *Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs., Ltd.*, 422 F.3d 72, 76 (2d Cir. 2005) (excusing plaintiff's failure to timely file notice of removal). In this case, Defendant could have sought leave to file a sur-reply asserting its statutory waiver argument. Instead, Defendant sought leave to file a sur-reply addressing the merits, ECF 16, and did so, ECF 18. While the sur-reply addressed general principles of waiver, *id.* at 2, it did not mention § 1447(c).

The purpose of the waiver rule would not be served by allowing Defendant to invoke it now, after a sur-reply, sur-response, and multiple rounds of findings and recommendations, to defeat this Court's consideration of Plaintiff's arguments on the merits. *Cf. Meadows v. Bicrodyne Corp.*, 785 F.2d 670, 672 (9th Cir. 1986) (holding that a party waived its objections to remand based on timeliness by repeatedly appearing before the court before raising that objection). Under these circumstances, this Court will exercise its discretion to excuse the timeliness of Plaintiff's argument and proceed to the merits.

## B. Voluntary-Involuntary Rule

This Court agrees with Judge Russo's analysis of the voluntary-involuntary rule's application to this case and adopts the F&R's conclusion that the rule requires remand here. ECF 28 at 9–11. Below, this Court responds to Defendant's objections.

PAGE 5 – OPINION & ORDER ADOPTING F&R

The voluntary-involuntary rule "requires that a suit remain in state court unless a 'voluntary' act of the plaintiff brings about a change that renders the case removable." *Self v. Gen. Motors Corp.*, 588 F.2d 655, 657 (9th Cir. 1978). A voluntary act may include a plaintiff's voluntary amendment of the pleadings or the voluntary dismissal or nonsuit of another plaintiff or defendant. *Id.* at 659. The purpose of this rule is, in part, "to protect against the possibility that a party might secure a reversal on appeal in state court of the non-diverse party's dismissal . . . producing renewed lack of complete diversity in the state court action." *Quinn v. Aetna Life & Cas. Co.*, 616 F.2d 38, 40 n.2 (2d Cir. 1980).

Defendant objects to the F&R's conclusion that the state court order dismissing the non-diverse defendant was not a "voluntary act" by Plaintiff. Objections, ECF 28 at 15. Defendant contends that the F&R overemphasizes Plaintiff's efforts to reverse the dismissal after it happened, while underemphasizing Plaintiff's failure to meet a deadline or move for an extension despite warning from the state court. *Id.* at 16. Defendant reasons that Plaintiff's "intentional decision not to comply with the state court's deadline" was a way of "effectively abandoning [his] claims," which this Court should conclude was a voluntary action. *Id.* at 17.

This Court does not agree with Defendants that Plaintiff's failure to timely move to extend the UTCR 7.020 dismissal deadline is a voluntary action for purposes of the voluntary-involuntary rule.[2] In addition to the F&R's analysis of the limited case law from this District on this issue, this Court notes that courts have "routinely rejected the argument that a failure to do something constitutes a voluntary action under the voluntary-involuntary rule." *Shemp v.*

---

[2] Although Defendant suggests that Plaintiff "had no intention to seek judgment against" the non-diverse defendant and did not intend "to sincerely pursue his claims," Objections, ECF 28 at 15, 17, Defendant does not argue the non-diverse defendant was fraudulently joined. *See Self*, 588 F.2d at 656 (noting an exception to the voluntary-involuntary rule applies where a non-diverse defendant was fraudulently joined).

*Yamaha Corp. of Am.*, No. 06-cv-00565, 2006 WL 2669185, at *4 (D. Nev. Sept. 18, 2006) (collecting cases). Even when a plaintiff does not explicitly voluntarily dismiss his claims, courts generally require at least some action that indicates that the plaintiff does not oppose the dismissal. *See, e.g.*, *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 696 (9th Cir. 2005) (finding action removable "when it became apparent that [the plaintiff] had abandoned his claims"); *Blankenberg v. Com. Ins. Co. of Newark*, 655 F. Supp. 223, 227 (N.D. Cal. 1987) (requiring "[s]ome clear action indicating severance or abandonment").

Some sort of action indicating abandonment was at least arguably present in *Gladys McCoy Apartments*, where the plaintiff "did not respond or contest the state court's" dismissal of a defendant at any point—and did not even serve that defendant—despite receiving notice from the state court that dismissal would occur. *Gladys McCoy Apartments Ltd. P'ship v. State Farm Fire & Cas. Co.*, No. CV 09-981-PK, 2009 WL 10694594, at *3 n.2 (D. Or. Dec. 22, 2009), *findings & recommendation adopted*, 2010 WL 11582924 (D. Or. Jan. 25, 2010). While Plaintiff certainly dragged his feet in pursuing judgment here, there are no similar indications here that made apparent that Plaintiff "had abandoned his claims" or that he knew would result in dismissal. *Harris*, 425 F.3d at 696. Plaintiff's argument that either he or the Court misunderstood the applicable deadline, *see* Response, ECF 29 at 5–6, is not analogous to the facts of *Gladys McCoy Apartments*.

Defendant also objects to the F&R's focus on Plaintiff's post-dismissal efforts in state court to reverse the dismissal. Objections, ECF 28 at 16–17. But the fact that Plaintiff was able to secure a reversal of the non-diverse party's dismissal from the Circuit Court, within a week of the dismissal, illustrates that this is the kind of scenario that the voluntary-involuntary rule is designed to avoid. *See Quinn*, 616 F.2d at 40 n.2. Whatever the legal effectiveness of this

maneuver following the filing of the notice of remand, these events suggest that remand here advances the purposes of the voluntary-involuntary rule. *See Martin Defense Grp., LLC v. Aspen Am. Ins. Co.*, No. 23-00166, 2023 WL 5387348, at *5 (D. Haw. Aug. 22, 2023) (explaining that, because the rule is a judge-made doctrine, "its underlying rationales play an important role in guiding courts as they make decisions implicating the rule").

## CONCLUSION

Judge Russo's F&R, ECF 26, is ADOPTED with clarification as set forth above. Plaintiff's Motion to Remand, ECF 7, is GRANTED. This action is remanded to the Circuit Court of Oregon, Fourth Judicial District.

**IT IS SO ORDERED**.

DATED this 23rd day of June, 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge